NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA HEWEL, | Hon. Faith S. Hochberg |
| Plaintiff, | Civil No. 09-5343 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| LONG TERM DISABILITY INCOME PLAN FOR CHOICES ELIGIBLE EMPLOYEES OF JOHNSON & JOHNSON, *et al.*, | Date: July 7, 2010 |
| Defendants. | |

**HOCHBERG, District Judge**:

This matter comes before the Court upon plaintiff's renewed motion for attorney's fees. The Court has considered the written submissions of the parties solely on the papers pursuant to Federal Rule of Civil Procedure 78.

**I.     Background and Procedural History**

Reed Group, acting as claims administrator on behalf of the Johnson & Johnson Pension Committee, terminated plaintiff's disability benefits on August 10, 2009. Plaintiff had the right to appeal Reed Group's decision to the Johnson & Johnson Pension Committee. By letter to the Pension Committee and Reed Group's Appeals Department, dated September 3, 2009, plaintiff demanded, among other things, "a legitimate explanation for Reed Group's discriminatory actions taken in this case." The letter concluded, "The Pension Committee must oversee and correct the arbitrary and capricious conduct of its delegated claims administrator.

However, I am convinced that Johnson & Johnson will not be neutral or independent in this process as it has a significant financial stake in the outcome." The letter did not expressly state that it was an "appeal," and the Court commented in its March 17, 2010 Order dismissing the case as moot that the September 3, 2009 letter "does not purport to be an appeal."[1] However, the letter clearly used much of the terminology that an appeal uses; indeed, if it had used the word "appeal," with no other changes to the letter, it would have clearly stated the grounds for an appeal. The Pension Committee ignored the letter.

        Plaintiff filed suit on October 20, 2009. In her Complaint and in a subsequent letter to the Pension Committee dated October 27, 2009, plaintiff alleged that her September 3, 2009 letter constituted an appeal of the termination of her disability benefits. By letter dated October 29, 2009, the Johnson & Johnson Pension Committee responded that plaintiff had not expressly announced her intention to appeal in the September 3, 2009 letter, and it acknowledged plaintiff's October 27, 2009 letter as her final appeal. Plaintiff's benefits were restored in full on appeal. In the Final Appeal Determination, the Pension Committee acknowledged both the September 3, 2009 and October 27, 2009 letters as plaintiff's final appeal.

        Defendants filed a motion to dismiss on December 21, 2009; plaintiff cross-moved for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g). On March 17, 2010, the Court dismissed the complaint as moot and stayed the motion for attorney's fees to await the decision of the Supreme Court in *Hardt v. Reliance Standard Life Insurance Co.* On May 24, 2010, the Supreme Court issued a decision in *Hardt*. Accordingly, plaintiff renewed her motion

---

[1] The Court did not rule on this ground or hold that plaintiff failed to exhaust her administrative remedies.

for attorney's fees.

**II.	Discussion**

The power to award a party attorney's fees pursuant to 29 U.S.C. § 1132(g) is committed to the discretion of the District Court, so long as the party achieves "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, --- S. Ct. ----, 2010 WL 2025127, at *9 (2010). The recipient of a fee award need not be a "prevailing party" under the meaning of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001). *Id.* at *7.

Although the substance of the Complaint is moot due to the restoration of plaintiff's benefits, as set forth in the Court's March 17, 2010 Order, plaintiff has nevertheless achieved "some degree of success on the merits." By bringing the Complaint and through subsequent correspondence, plaintiff caused the Pension Committee to recognize her appeal of Reed Group's decision. While plaintiff's September 3, 2009 letter was inartfully drafted, it clearly demanded that the Pension Committee "correct the arbitrary and capricious conduct of its delegated claims administrator" and enumerated various medical and procedural reasons why Reed Group's termination of plaintiff's benefits was erroneous. It was addressed to both the Pension Committee and Reed Group's Appeals Department. The Pension Committee could have easily inferred that plaintiff was in fact appealing the decision of the Reed Group, or, alternatively, its staff could (and should) have sought clarification from plaintiff's counsel rather than simply ignoring the letter. Yet it remained silent, and only after the instant lawsuit commenced did it respond to the letter or acknowledge that it was an appeal. Plaintiff then prevailed on the merits of her administrative claim.

The Court is persuaded that plaintiff should be awarded attorney's fees for work performed on this lawsuit from its inception, but Plaintiff is not entitled to fees incurred for pursuing her administrative claim and appeal. *See Hahnemann Univ. Hosp. v. All Shore*, 514 F.3d 300, 313 (3d Cir. 2008). Before being awarded a precise fee amount, Plaintiff shall produce actual detailed billing records showing the work performed solely on the instant case, and omitting any billing entries for work performed on the administrative action, including the administrative appeals process.

In exercising its discretion under 29 U.S.C. § 1132(g), the Court need not expressly evaluate the *Ursic* factors, but rather is free to consider any factors that it deems relevant in exercising its discretion. *See Hardt*, 2010 WL 2025127, at *9 ("Because these five factors bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section.").[2] Nevertheless, certain *Ursic* factors buttress the Court's conclusion that a fee award is warranted. As noted above, plaintiff's position on the merits appears to have been meritorious, and the termination of benefits erroneous. Awarding fees will encourage attorneys to represent ERISA plan beneficiaries, whose income – and ability to pay legal fees – might be denied, and deter plan administrators from wrongfully terminating benefits and elevating form over substance in construing letters that seek to overturn administrative rulings. Administrators should be mindful

---

[2] Although the Supreme Court was referring to precedent from a different circuit, the factors that it cited were identical to those set forth in *Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983). The *Ursic* factors are: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position." *Id.* at 673.

of the need to act in the best interest of the plan beneficiaries. The Court gives little weight to defendants' ability to satisfy the fee award, but it would not appear to be in question. Finally, on the facts before it, the Court is not prepared to find that either party acted in bad faith.

### III.    Conclusion & Order

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for attorney's fees pursuant to 29 U.S.C. § 1132(g) is hereby **GRANTED solely for fees incurred in prosecuting the instant lawsuit**; and it is

**ORDERED** that within seven (7) days, plaintiff shall submit detailed attorney fee records in accordance with the terms of this Opinion; and it is

**ORDERED** that the fee records shall be properly annotated to reflect the date, time spent, timekeeper, billing rate, and legal work performed; and it is

**ORDERED** that defendant may object to any fees claimed within seven (7) days of plaintiff's submission.

        /s/ Faith S. Hochberg
    Hon. Faith S. Hochberg, U.S.D.J.